UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SHAWN LESSIEUR, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Civil Action No. 16-cv-10831 |
| | * | |
| KELLY RYAN, | * | |
| | * | |
| Respondent. | * | |

MEMORANDUM AND ORDER

June 27, 2016

BURROUGHS, D.J.

In October 2009, a Middlesex County Superior Court jury found Shawn Lessieur guilty
of first degree murder and of unlawful possession of a firearm in connection with the 1994
shooting of Mark Jones in Lowell, Massachusetts. Lessieur was sentenced to a prison term of life
on the murder conviction, and a concurrent term of four to five years on the unlawful possession
conviction. After the trial judge denied Lessieur's motion for a new trial, Lessiuer appealed both
his conviction and the order denying his motion for a new trial. On July 27, 2015, the
Massachusetts Supreme Judicial Court affirmed Lessieur's convictions. Commonwealth v.
Lessieur, 472 Mass. 317 (2015), cert. denied, 136 S. Ct. 418 (2015).

Lessieur filed a petition for habeas corpus with this Court on May 3, 2016. [ECF No. 1].
Simultaneous with the filing of his petition, Lessieur filed a motion to stay the habeas
proceedings to allow him time to exhaust, in state court, unexhausted claims not included in this
petition. [ECF No. 4]. Lessieur's petition contains seven grounds for relief, which Lessieur
claims have been exhausted in state court. According to Lessieur, the Innocence Project of
Massachusetts recently accepted his case, and he anticipates that they will raise meritorious

claims in state court that were not raised by his previous counsel. On June 13, 2016, the Respondent filed an answer to the petition as well as an opposition to Lessieur's motion for a stay. [ECF Nos. 10-11]. Lessieur filed a reply on June 21, 2016. [ECF No. 15].

In Rhines v. Weber, 544 U.S. 269 (2005), the Supreme Court approved the "stay-and-abeyance" procedure for habeas cases. This procedure can be appropriate where petitioners file "mixed" habeas petitions, that is petitions that contain both exhausted and unexhausted claims. Id. at 217. Because the one-year statute of limitations on federal habeas petitions is not stayed during the pendency of a petition, "petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims." Id. at 275. Accordingly, the stay-and-abeyance procedure "allows petitioners to exhaust state remedies and then return to federal court without running afoul of [the Antiterrorism and Effective Death Penalty Act's] statute of limitations." Roman v. Ryan, No. CIV.A. 12-30160-TSH, 2014 WL 5112112, at *2 (D. Mass. Oct. 10, 2014) (citing Rhines, 544 U.S. at 275). If awarded a stay, a petitioner can present his unexhausted claims in state court, and then return to federal court for review of a fully exhausted petition.

To obtain a stay of a mixed petition "the petitioner must show that there was 'good cause' for failing to exhaust the state remedies, the claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory tactics." Josselyn v. Dennehy, 475 F.3d 1, 4 (1st Cir. 2007) (citing Rhines, 544 U.S. at 278). All three factors—good cause excusing the petitioner's failure to exhaust his claims, unexhausted claims that are not plainly meritless, and an absence of intentionally dilatory litigation tactics—must be satisfied for a district court to grant a stay. Rhines, 544 U.S. at 277-278. Therefore, a petitioner's inability to show good cause, by itself, precludes a stay. See, e.g., Roman, 2014 WL 5112112, at *3 ("[T]he facts cited by

Petitioner are insufficient to make a showing of good cause under <u>Rhines</u>. Therefore, a stay and abeyance is not appropriate."); <u>Womack v. Saba</u>, No. CIV.A. 11-40138-FDS, 2012 WL 685888, at *4 (D. Mass. Mar. 1, 2012) ("Because petitioner has not established good cause for failing to exhaust his state-court remedies with respect to some of his potential grounds for seeking relief under 28 U.S.C. § 2254, a stay of this proceeding under <u>Rhines</u> is not warranted."); <u>Smith v. Att'y Gen. of Mass.</u>, No. CIV.A. 11-10362-NMG, 2012 WL 462964, at *5 (D. Mass. Jan. 10, 2012) ("Here, Smith has not demonstrated good cause for his failure to present his unexhausted claims to the state court, and a stay is not appropriate.").

Lessieur requests that the Court stay this habeas proceeding so that he can exhaust several new claims in state court and then, if necessary, amend his habeas petition to include those claims. Typically, petitioners invoke stay and abeyance where they have filed a mixed petition consisting of exhausted and unexhausted claims. Here, the petition, at least according to Lessieur, contains only exhausted claims.[1] Nonetheless, as other courts have done in similar circumstances, the Court will evaluate Lessieur's motion to stay under the <u>Rhines</u> framework. <u>See</u> <u>Roman</u>, 2014 WL 5112112, at *2 (treating habeas petition as mixed where petitioner indicated in motion to stay that he intended to amend the petition later to add an unexhausted claim); <u>Womack</u>, 2012 WL 685888, at *2 ("[T]his case does not present the kind of 'mixed' petition, consisting of both exhausted and unexhausted claims, that is more typical of habeas proceedings under Section 2254. Consideration of petitioner's motion is nonetheless analogous to that of a mixed petition, because its obvious purpose is to allow for the amendment of the

---

[1] Whether these seven claims have actually been exhausted is irrelevant to the pending motion and not addressed here.

petition to include the currently unexhausted claims."). Because Lessieur has not made the requisite showing of good cause to warrant a stay, his motion is denied.

Lessieur blames his trial and appellate counsel for not exhausting all of his claims in state court. Lessieur states that, "[f]aced with ineffective assistance of trial and appellate counsel, the Innocence Project of Massachusetts is raising meritorious claims that both counsel failed to investigate and to exhaust in the State Court proceedings." [ECF No. 4 at 3]. It is somewhat unsettled whether ineffective assistance of counsel can ever constitute good cause. Compare Womack, 2012 WL 685888, at *4 ("[A] claim of ineffective assistance of counsel alone does not present good cause for a stay and abeyance."), and Aviles v. Dickhaut, No. 12-CV-40017-FDS, 2013 WL 1629189, at *4 (D. Mass. Apr. 10, 2013) ("Neither ineffective assistance of appellate counsel, nor a litigant's pro se status, will support a finding of good cause in the habeas context."), with Blake v. Baker, 745 F.3d 977 (9th Cir. 2014) (applying Strickland test to motion to stay and finding good cause for a stay where appellate counsel failed to adequately investigate the facts underlying a potential ground for appeal), and Ortiz v. Brady, 538 F. Supp. 2d 361, 366 (D. Mass. 2008) (applying Strickland test to determine if counsel's conduct constituted good cause warranting a stay). The First Circuit has held that a decision by an attorney to omit claims from a state appeal "cannot amount to good cause," Clements v. Maloney, 485 F.3d 158, 170 (1st Cir. 2007), and that an attorney's "[i]gnorance of the law does not constitute good cause." Josselyn, 475 F.3d at 5.

Ultimately, Lessieur's undeveloped arguments regarding his ineffective counsel do not warrant granting a stay in any event. Lessieur essentially argues that because his new counsel intends to file claims in state court that were not raised by his trial and appellate counsel, these prior counsels must have been ineffective. Such conclusory statements do not support a good

cause finding. Lessieur has not made a sufficient showing that this case presents the "limited circumstances" in which a stay is appropriate. Rhines, 544 U.S. at 277; see also Knight v. Spencer, 447 F.3d 6, 17 (1st Cir. 2006) ("When counsel focuses on some issues to the exclusion of others, there is a strong presumption that he did so for tactical reasons rather than through sheer neglect.") (quoting Yarborough v. Gentry, 540 U.S. 1, 8 (2003)). Furthermore, because several months remain before the one-year habeas statute of limitations expires,[2] Lessieur's new counsel still has an opportunity to raise post-conviction challenges in state court, thereby tolling the habeas statute of limitations. See 28 U.S.C. 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). Accordingly, Lessieur's interest in obtaining a stay is less compelling than in the typical stay-and-abeyance case. See Barkmeyer v. Wall, No. C.A. 09-430-S, 2010 WL 2650461, at *2 (D.R.I. June 30, 2010) ("[T]he instant case differs from Rhines in one critical aspect, thereby rendering stay and abeyance unnecessary here—namely, that the limitations period in which Barkmeyer may file his habeas claims has not yet expired."); Greer v. Minnesota, No. CIV.08-4745, 2008 WL 4659449, at *6 n.2 (D. Minn. Oct. 20, 2008) ("[W]e find that a stay would be inappropriate in these circumstances, since the statute of limitations has not yet expired.").

---

[2] The one-year statute of limitations began to run when the Supreme Court of the United States denied Lessieur's petition for certiorari on November 2, 2015. 28 U.S.C. § 2244(d)(1); see Rivera v. Dickhaut, No. CIV.A. 11-10237-RWZ, 2013 WL 530859, at *1 (D. Mass. Feb. 12, 2013) ("His conviction became final, and the statute of limitations began to run, when the United States Supreme Court denied certiorari in his case. . . .").

For the reasons stated above, Lessieur's motion to stay is denied, with leave to renew. Lessieur's current motion does not establish good cause for granting a stay, and any renewed motion would need to contain additional evidentiary support.

Because the Court has denied the motion to stay, Lessieur has two options: (1) his petition can be dismissed without prejudice and Lessieur can refile a petition after exhausting the unexhausted claims in state court (assuming the statute of limitations does not expire); or (2) he can proceed with his current petition. Should Lessieur elect the second option, he will prohibited from filing an additional habeas petition in the future, unless the petition falls within one of the narrow exceptions to the ban on successive habeas petitions. 28 U.S.C. § 2244(b)(2).

If Lessieur wishes to have his petition dismissed without prejudice, he should notify the Court. If he wants to pursue his petition, his memorandum of law will be due by September 15, 2016 and the government's response by November 15, 2016.

**So Ordered.**

Dated: June 27, 2016

/s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT COURT JUDGE